Tom McAvity, 034403
Phoenix Fresh Start Bankruptcy
4602 E Thomas Rd, Ste S-9
Phoenix, AZ 85018
Phone: 602-598-5075
Fax: 866-241-4176
Email: tom@phoenixfreshstartbankruptcy.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LYNNETTA D. BROWN<br><br>Debtor | Chapter: 13<br><br>Case No. 2:20-bk-13418-DPC<br><br>MOTION TO CONTINUE THE SECTION 362(a) STAY PURSUANT TO SECTION 362(c)(3) |

Debtor LYNNETTA D. BROWN ("Debtor") hereby moves the Court, pursuant to 11 USC §362(c)(3)(B), to continue the automatic stay in his bankruptcy as to all creditors. This Motion is supported by the following:

## BACKGROUND

1. Debtor filed for protection under Chapter 13 of the United States Bankruptcy Code on December 17, 2020. Edward J. Maney was appointed as the Chapter 13 Trustee.

2. Prior to Debtor's current Chapter 13 bankruptcy filing, Debtor had filed for protection under Chapter 13 of the United States Bankruptcy Code on August 31, 2019 in Phoenix, Arizona. The Debtor's prior Chapter 13 bankruptcy was dismissed by order of the Court entered on December 15, 2020 for failure to default in payments.

3. Debtor is employed in the hospitality industry and in April 2020, her employer initiated a 20% reduction in pay due to COVID-19.

4. Additionally, Debtor underwent surgery and incurred new medical bills which she has struggled to pay.

5. Debtor was current in her payments prior to reduction in income.

Debtor's Motion to Continue Stay

Phoenix Fresh Start Bankruptcy
4602 E Thomas Rd. Ste. S-9
Phoenix, AZ 85018

Case 2:20-bk-13418-DPC    Doc 15    Filed 12/22/20    Entered 12/22/20 18:34:49    Desc
Main Document    Page 1 of 3

6. As a result of her reduced pay, Debtor was unable to make full payments to the Trustee, but did make monthly "good faith" payments. When her income was reinstated to pre-pandemic levels, she made every effort to increase her payments, but was unsuccessful in her attempts.
7. A modification of her plan was not feasible.
8. Debtor's income is now consistent, she has recovered from her surgery, and there is every reason to believe that Debtor will be able to complete her obligations in the present case.

## DISCUSSION

9. The Automatic Stay of 11 USC §362 terminates on the 30th day after a petition is filed if a debtor had a prior petition pending in the preceding year and that bankruptcy was dismissed. 11 USC §362(c)(3)(A). On a motion of a party in interest for a continuation of the automatic stay, the Court may extend the stay in particular cases as to all or any creditors after notice and a hearing completed before the expiration of the 30 day period if the party in interest demonstrates that the filing of the later case is in good faith as to creditors to be stayed. 11 USC §362(c)(3)(B). A case is presumptively filed not in good faith if a previous case under 7, 11 or 13 was dismissed within a one year period prior to the debtor's subsequent bankruptcy filing because the debtor failed to file or amend the petition or other documents as required by the bankruptcy code or the court , provide adequate protection as ordered by the court, or perform the terms of a confirmed plan, or where there is no substantial change in the debtor's affairs and there is no other reason to believe the case will result in a fully performed Chapter 13 Plan. 11 USC §362(c)(3)(C)(I, II); In re *Elliott-Cook*, 357 BR 811, 814 (N.D. Chapter 13 Plan. 11 USC §362(c)(3)(C)
10. The Debtor bears the burden of proof as to the elements necessary to establish good faith. In re *Elliot-Cook* 357 BR at 814. Where there is no presumption of bad faith and no party objects, a request to extend the stay should be liberally granted. Id. The Court looks to the totality of the circumstances to determine whether the Debtor has established the good faith required by 11 USC §362(c)(3). Id.
11. In this case, the Debtor's prior Chapter 13 bankruptcy case was dismissed because Debtor was to make payments due to a reduction in pay from her employer as a result of

Debtor's Motion to Continue Stay

COVID-19. Moreover, the Debtor has had only one case pending within the preceding year and Debtors did make a good faith effort at making her trustee payments.

12. Debtor's income has been reinstated to her pre-pandemic salary and there is every reason to believe this case will result in a fully performed Chapter 13 Plan.

## CONCLUSION

For the foregoing reasons, Debtor requests the Court to enter an Order extending the Automatic Stay of 11 USC §362 as to all creditors for the term of his Chapter 13 bankruptcy. Debtor requests the Court to rule on this matter on an expedited basis in light of the fact that the 30 day period for the automatic stay will expire on January 16, 2021.

Dated: December 22, 2020

Respectfully submitted:

/s/ Tom McAvity
Tom McAvity, 034403
Phoenix Fresh Start Bankruptcy
4602 E Thomas Rd, Ste S-9
Phoenix, AZ 85018
Phone: 602-598-5075

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was submitted on December 22, 2020 in the United States Bankruptcy Court for filing and transmittal of notice of electronic filing to the United States Trustee, the Chapter 13 Trustee and the ECF registrants appearing in this case.

By: /s/ Tom McAvity

Debtor's Motion to Continue Stay

**Phoenix Fresh Start Bankruptcy**
**4602 E Thomas Rd. Ste. S-9**
**Phoenix, AZ 85018**

Case 2:20-bk-13418-DPC    Doc 15    Filed 12/22/20    Entered 12/22/20 18:34:49    Desc
Main Document    Page 3 of 3